UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY | * | CIVIL ACTION NO. |
|     Plaintiff | * | |
| | * | SECTION: " " |
| VERSUS | * | |
| | * | JUDGE |
| THIRD MILLENNIUM INSURANCE AND | * | |
| FINANCIAL SERVICES, INC., AS RECEIVER | * | MAGISTRATE NO. |
| FOR WESSAM, LLC d/b/a LOYOLA FOOD | * | |
| STORE, MARWAN HAMED, & MUTAZ | * | MAGISTRATE |
| HUSSEIN | * | |
|     Defendants | * | |

* * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, AXIS Surplus Insurance Company, a foreign insurer with its principal place of business in Georgia, who, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1391, 28 U.S.C. § 2201, and F.R.C.P. 57, respectfully seeks declaratory judgment against the following defendants:

1) Third Millennium Insurance and Financial Services, Inc., a Louisiana corporation, as appointed receiver for Wessam, LLC, d/b/a Loyola Food Store, a Louisiana limited liability company with its domicile in New Orleans, LA;

2) Marwan Hamed, a resident of Gretna, LA; and

3) Mutaz Hussein, a resident of Patterson, New Jersey.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

## VENUE

This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim and a substantial part of the property subject to this action lie in this judicial district.

## DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and F.R.C.P. 57, AXIS Surplus Insurance Company respectfully prays that this Court declare the rights and other legal relations among AXIS Surplus Insurance Company and the defendants, Wessam, LLC d/b/a Loyola Food Store, Marwan Hamed, and Mutaz Hussein, pursuant to AXIS Surplus Insurance Company Commercial Property Insurance Policy, bearing policy number AX11405.

## FACTUAL ALLEGATIONS

I.

AXIS Surplus Insurance Company reavers the prior allegations.

II.

AXIS Surplus Insurance Company issued a Commercial Property insurance policy bearing policy number AX11405 to Loyola Food Store. This policy was in effect from February 27, 2009 to February 27, 2010 and provided coverage to a grocery store located at 3233 Loyola Avenue in New Orleans, with coverage limits of $175,000 for personal property loss, and $40,000 for business income loss. (*See* Exhibit "A").

III.

On or about December 1, 2009, a fire caused damage to the insured location, Loyola Food Store, located at 3233 Loyola Avenue in New Orleans, rendering it a total loss.

IV.

Defendant Marwan Hamed filed a claim for insurance proceeds, on behalf of Wessam, LLC d/b/a Loyola Food Store with AXIS Surplus Insurance Company, seeking coverage for the losses allegedly suffered by Loyola Food Store as a result of said fire.

V.

Investigation of the fire revealed that the fire was of incendiary origin.

VI.

AXIS Surplus Insurance Company investigated the fire under a Reservation of Rights due to the incendiary origin of the fire.

VII.

The AXIS policy contains a pertinent provision, which states:

**CAUSES OF LOSS – SPECIAL FORM**

\*   \*   \*   \*   \*

**B.   Exclusions**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*   \*   \*   \*   \*

h. Dishonest or criminal act by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

3

       (1)    Acting alone or in collusion with others; or

       (2)    Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees (including leased employees); but theft by employees (including leased employees) is not covered.

"You" is defined throughout the policy as "the Named Insured shown in the Declarations." The Declarations lists the named insured as "Loyola Food Store."

## VIII.

Loyola Food Store was being operated by Wessam, LLC.

## IX.

Defendant Marwan Hamed was part-owner, officer, and employee of Wessam, LLC, d/b/a Loyola Food Store.

## X.

Defendant Mutaz Hussein was part-owner and employee of Wessam, LLC d/b/a Loyola Food Store.

## XI.

On or about June 26, 2009, defendant Mutaz Hussein filed a Petition for Dissolution, Accounting, Appointment of Receiver and Injunctive Relief in the Civil District Court for the Parish of Orleans, assigned Case No. 2009-6664, Division "J." (*See* Exhibit "B" attached hereto)

## XII.

Defendant Hussein alleged:

Defendant Hamed has wasted and misused assets of Wessam to the exclusion of the Petitioner and to the exclusion of any benefits to Wessam and Petitioner, including treating the LLC and its assets as his own property and enjoying the fruits of the operation personally without sharing them with Petitioner, and

without having business proceeds flow through the company's books and records, using the company funds to pay for personal expenses... (*See* Exhibit "B" at ¶ 7).

XIII.

Defendant Hussein further alleged:

Defendant Hamed has communicated to Petitioner that he would be selling the company without the necessary approval of Petitioner, and that he would only deliver the sum of $30,000.00 to Petitioner from the sale of Wessam for Petitioner's interest in Wessam, despite the fact that Petitioner has not approved the sale. (*See* Exhibit "B" at ¶ 12).

XIV.

Defendant Hussein executed an Affidavit in connection with his Petition for Dissolution, further alleging:

I have had limited contact with Mr. Hamed since May 4, 2009. On those occasions in which I attempted to resolve the matter with him, he advised me that he would pay me $30,000.00 and nothing more, and repeatedly threatened that he would sell the business and leave the country, which would leave me with little, if any, recourse to recover the debt that is owed me. (*See* Exhibit "C" at ¶ 9).

XV.

Defendant Hussein prayed that the Court appoint a temporary receiver to manage Wessam, LLC and that Wessam, LLC be dissolved and Marwan Hamed render a full accounting of the assets of Wessam, LLC.

XVI.

On or about September 8, 2009, the Court issued a Preliminary Injunction enjoining Marwan Hamed and Wessam, LLC from transferring, moving, disposing of, alienating or otherwise encumbering any of the assets of Wessam, LLC or the business itself, or any interest therein, pending further order of the Court. (*See* Exhibit "D").

XVII.

Hearing on a Motion for Appointment of Receiver and Contempt, filed by defendant Hussein, was scheduled for December 18, 2009.

XVIII.

On or about January 22, 2010, judgment was entered ordering that defendant Third Millennium Insurance and Financial Services, Inc. be appointed receiver of Wessam, LLC until such appointment is terminated by the Court. (*See* Exhibit "E").

XIX.

Upon information and belief, termination of the receivership has not occurred and defendant Third Millennium Insurance and Financial Services, Inc. continues to serve as the receiver for Wessam, LLC d/b/a Loyola Food Store.

XX.

Upon information and belief, defendants Marwan Hamed and Wessam, LLC have the following judgments entered against:

    a)    *The Silwady's Group, LLC v. Marwan Hamed and Wessam, LLC*, Civil District Court for the Parish of Orleans, Case No. 09-7286, Division "K." (*See* Exhibit "F").

        i)    Marwan Hamed and Wessam, LLC were alleged to have written bad checks;

        ii)    Preliminary default was entered into the record in favor of The Silwady's Group, LLC against Marwan Hamed and Wessam, LLC on August 27, 2009. (*See* Exhibit "G").

       iii)    Default judgment was taken against Marwan Hamed and Wessam, LLC on December 28, 2009 in the amount of $84,120.62. (*See* Exhibit "H").

b)   *Colonial Credit Corporation v. Inam Hamed*, Second Parish Court for the Parish of Jefferson, Case No. 97360, Division "B."

       i)    Upon information and belief, Inam Hamed is the wife of Marwan Hamed.

       ii)    Default judgment was entered against Inam Hamed on August 4, 2006 in favor of Colonial Credit Corporation on proof regarding Inam Hamed's MASTERCARD account in the amount of $2,851.46 together with 18% interest from May 10, 2006, plus 25% attorney's fees. (*See* Exhibit "I").

       iii)    On or about May 10, 2010 an Order was entered authorizing the garnishment and seizure of the salary of Marwan Hamed to satisfy the aforementioned judgment against Inam Hamed. (*See* Exhibit "J")

c)   *National Bonded Money Orders, Inc. v. Kickin Chicken, Inc., d/b/a Wagner's Meat Market, Mashkoor Ali Khan, and Marwan Hamed*, Alexandria City Court for the Parish of Rapides, Case No. 100678.

       i)    Upon information and belief, Marwan Hamed was the president, secretary/treasurer, and registered agent for Kickin Chicken, Inc., a Louisiana corporation whose articles were revoked by the Secretary of State on May 15, 2008;

       ii)    On or about February 23, 2005, default judgment was entered against Marwan Hamed, Kickin Chicken, Inc., d/b/a Wagner's Meat Market, and Makshoor Alikhan in the amount of $4,876.24 plus $2,500 in attorney's fees in favor of National Bonded Money Orders, Inc. (*See* Exhibit "K").

d) *Elaine Chao, Secretary of Labor, United States Department of Labor v. Cities Market, Inc., d/b/a Galvez Supermarket, Stephen Hurstell, Zuhair Hamed, and Marwan Hamed*, United States District Court for the Eastern District of Louisiana, Case No. 01-3592, Section "A," Magistrate "4."

    i) On or about November 6, 2002, defendant Marwan Hamed along with Cities Supermarket, Inc., d/b/a Galvez Supermarket, Stephen Hurstell, and Zuhair Hamed, entered into a Consent Judgment with the United States Department of Labor wherein they agreed to pay $105,245.00 for violations of the Fair Labor Standards Act. (*See* Exhibit "L").

    ii) Upon information and belief, this judgment has not been paid in full.

e) *Discover Bank, f/k/a Greenwood Trust Company, Issuer of the Discover Card v. Marwan Hamed*, First City Court for the City of New Orleans, Case No. 04-54907, Division "C."

    i) On or about October 29, 2004, a default judgment was entered against defendant Marwan Hamed in favor of Discover Bank f/k/a Greenwood Trust Company, issuer of the Discover Card, in the amount of $2,932.60 plus interest and attorney's fees. (*See* Exhibit "M").

    ii) On or about March 28, 2005, defendant Marwan Hamed was found in Contempt an ordered to pay an additional $125.00 in attorney's fees arising out of the Discover Card judgment. (*See* Exhibit "N").

XXI.

The owners of Wessam, LLC possessed motive for the arson of 3233 Loyola Avenue on December 1, 2009 due to the following illustrative, but not inclusive list:

    a)    The dispute over control over the assets of Wessam, LLC;

    b)    The injunction preventing Wessam, LLC and Marwan Hamed from use of the assets of Wessam, LLC;

    c)    The outstanding judgments, and/or actions against defendant Marwan Hamed and Wessam, LLC. referenced above.

## XXII.

Marwan and Mutaz Hussein are the only people who possessed keys to the Loyola Food Store and knew the store's alarm code.

## XXIII.

Upon information and belief, the motion detector of the alarm system did not go off prior to the fire starting.

## XXIV.

Accordingly, the owners of Wessam, LLC d/b/a Loyola Food Store are the only individual(s) to possess the motive and opportunity to start the fire occurring at 3233 Loyola Avenue in New Orleans on December 1, 2009.

## XXV.

The owners and/or one of the owners of Wessam, LLC d/b/a Loyola Food Store are responsible for the fire occurring at 3233 Loyola Avenue in New Orleans on December 1, 2009.

## XXVI.

Any loss caused by a dishonest or criminal act by either of the owners of Wessam, LLC d/b/a Loyola Food Store, or anyone to whom either of the owners entrusted the property for any purpose, whether acting alone, or in collusion with others, and/or whether or not occurring

during the hours of employment, is excluded from coverage under AXIS policy number AX11405.

XXVII.

Accordingly, because the fire at 3233 Loyola Avenue on December 1, 2009 was a dishonest or criminal act by the insured, due to the incendiary origin of the fire and the insured's motive for it, AXIS Surplus Insurance Company is entitled to a declaration from this Court that no coverage exists for said loss under AXIS policy number AX11405.

XXVIII.

AXIS Surplus Insurance Company respectfully prays for trial by jury.

**WHEREFORE**, for the aforementioned reasons, AXIS Surplus Insurance Company respectfully prays this Honorable Court for a declaration that no coverage exists for the fire loss at 3233 Loyola Avenue on December 1, 2009 and that such declaration have the force and effect of a final judgment, and that upon the conclusion of these proceedings AXIS Surplus Insurance Company be awarded costs from the defendants.

Respectfully Submitted:

  /s/  Kyle P. Kirsch
MICHAEL R. SISTRUNK (#12111)
KYLE P. KIRSCH (#26363)
CRAIG J. CANIZARO (#31086)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MCDANIEL & WELCH, LLC
400 Lafayette Street, Suite 100
New Orleans, LA 70130
Telephone: 504-831-0946
Facsimile: 504-529-9796
ATTORNEYS FOR AXIS SURPLUS
INSURANCE COMPANY