Entered on docket
Postcard mailed                    Date rec'd
Service copies to sheriff
Insufficient copies ____ ctm

FILED

2009 JUN 26 P 2:51

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 09—6664

DIVISION

J

**IN RE: WESSAM, LLC**

FILED: _____                    _____    SECTION 13

                                    **DEPUTY CLERK**

### VERIFIED PETITION FOR DISSOLUTION, ACCOUNTING, APPOINTMENT OF RECEIVER AND INJUNCTIVE RELIEF, AND RULE TO SHOW CAUSE

NOW INTO COURT, through undersigned counsel, comes Petitioner Mutaz Hussein, who for his Petition in the captioned action, represents as follows:

1.

Petitioner is an individual resident and domiciliary of the Parish of Orleans, State of Louisiana.

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-592-9100

2.

Made defendants are:

i)      Wessam, LLC, a limited liability company organized and existing under the laws in the State of Louisiana with its domicile address at 3233 Loyola Avenue, New Orleans Louisiana 70115;

ii)     Marwan Hamed, an individual domiciliary of the Parish of Jefferson, State of Louisiana, with an address at 3233 Loyola Avenue, New Orleans Louisiana 70115.

DATE: 6/26/2009 at 14:02
CASE # 2009-6664   SEC: 13
RECEIPT: 177585
TRIPLE                        BAL

PETITION FOR AN ACCOUNTING
$   334.50  $   334.50  $     0.00
$    20.50  $    20.50  $     0.00
INDIGENT LEGAL FEE
$   10.00  $   10.00  $     0.00
TOTAL PAID CASE # 2009006664:    $365.00
RECEIPT TOTAL $365.00
AMOUNT RECEIVED $365.00
CHANGE DUE $.00
Check #1272  Amt. $365.00

3.

Petitioner is the owner of a one-third membership interest in defendant Wessam, having purchased said interest, effective November 1, 2008, for the sum of $60,000.00.

4.

The remaining interest in Wessam is owned by defendant Hamed.

5.

Defendant Hamed has, at all relevant times, controlled the books and records of Wessam and has excluded Petitioner's access to such books and records.

EXHIBIT
B


VERIFIED
CW
7/16/09
CW 7/16/09

6.

Defendant Hamed has refused to pay any distributions of Wessam to Petitioner, and has treated and paid Petitioner as if Petitioner is and was solely an employee and not an owner of the business.

7.

Defendant Hamed has wasted and misused assets of Wessam to the exclusion of the Petitioner and to the exclusion of any benefits to Wessam and Petitioner, including treating the LLC and its assets as his own property and enjoying the fruits of the operation personally without sharing them with Petitioner, and without having business proceeds flow through the company's books and records, using the company funds to pay for personal expenses and such additional acts as may be proven at trial, which shall become known after discovery and other endeavors.

8.

Petitioner and defendant Hamed are at an impasse and hopelessly deadlocked, and defendant Hamed has excluded Petitioner entirely from the company premises, and from the books and records of the business and all fruits thereof to which Petitioner is entitled.

9.

On April 24, 2009, the parties executed a Bill of Sale acknowledging Petitioner's interest in Wessam, but defendant Hamed refused to sign any agreement acknowledging Petitioner's fifty percent membership interest in Wessam, but instead executed an agreement for the sale of a one-third interest in Wessam to Petitioner for the sum of $60,000.00.

10.

Wessam must respectfully be dissolved under LA-R.S. 12:1335, *et seq* so that a receiver can be appointed to wind up the affairs of the company and to take all steps to commence any lawsuits necessary to recapture the assets of the company and setting aside any fraudulent acts of defendant Hamed.

11.

Defendant Hamed has persistently jeopardized the rights and interests of the Petitioner as well as creditors of Wessam by grossly mismanaging the business, by committing gross and persistent *ultra vires* acts, and by wasting, misusing and misapplying the assets of the company

12.

Defendant Hamed has communicated to Petitioner that he would be selling the company without the necessary approval of Petitioner, and that he would only deliver the sum of $30,000.00 to Petitioner from the sale of Wessam for Petitioner's interest in Wessam, despite that fact that Petitioner has not approved the sale.

13.

Petitioner is respectfully entitled to a full accounting with respect to the business of Wessam throughout the entire period in which Petitioner has owned an interest in the company since October 2008.

14.

Petitioner respectfully requests that a Rule Nisi issue herein ordering defendants to show cause why a preliminary injunction should not be issued enjoining any sale of the business owned by Wessam or any of the assets of the company.

15.

By reason of the foregoing, Petitioner is respectfully entitled to an award of damages, including but not limited to the return of the purchase price of his membership interest, rescission of the Bill of Sale, and such damages comprised of the distributions and profits of the company to which he is entitled.

WHEREFORE, it is respectfully requested that this Petition be deemed good and sufficient, that the defendants be ordered to show cause at a date and time decided by this Court why a temporary receiver should not be appoined to manage Wessam, LLC, and why the proposed sale of Wessam should not be enjoined, and after due proceedings are had, that Wessam LLC be dissolved at the cost of defendant Marwan Hamed and that Marwan Hamed be compelled to render a full accounting requested herein,

together with reasonable attorneys' fees and such other and further relief that the Court

deems just and proper.

Dated:       Mandeville, Louisiana          Respectfully submitted,
             June 23, 2009

                                            **DAVIS & DUNCAN, LLC**

                                            MICHELLE MAYNE DAVIS (No. 23027)
                                            **MARK G.  DUNCAN (No. 29161)**
                                            201 Carroll Street
                                            Mandeville, Louisiana 70448
                                            Telephone: (985) 626-5770
                                            Facsimile:  (985) 626-5771

FILED

2009 JUN 26  P 2: 51

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO.                                                        DIVISION

### IN RE: WESSAM, LLC

FILED:_____        _____
                                    **DEPUTY CLERK**

## VERIFICATION

STATE OF LOUISIANA          )

PARISH of ST. TAMMANY )

    I, Mutaz Hussein, am the Petitioner in this action, and declare under penalty of perjury that I have read the foregoing Petition and that the contents thereof are true to the best of my knowledge, except those matters which are stated upon information and belief, which I believe to be true. The grounds of my belief are my personal knowledge of the facts and circumstances of the events complained of, and communication with the individual defendant.

_____
**MUTAZ HUSSEIN**

Sworn to before me this
25th day of June, 2009.

_____
NOTARY PUBLIC

**MARK G. DUNCAN**
**NOTARY PUBLIC, LA. BAR NO. 29161**
**MY COMMISSION IS FOR LIFE.**

FILED

2009 JUN 26  P 2: 51

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. _____                                          **DIVISION**

**IN RE: WESSAM, LLC**

FILED: _____

_____
                                              **DEPUTY CLERK**

**ORDER**

Considering the foregoing, Petition for Dissolution, Accounting, Appointment of Receiver and Injunctive Relief,

IT IS ORDERED that defendants Wessam, LLC and Marwan Hamed show cause on the __20__ day of ___July___ 2009 at _9_ a.m. why a temporary receiver should not be appointed to manage the affairs of Wessam, LLC, and further why a preliminary injunction should not be issued enjoining the sale of Wessam, LLC or any assets thereof pending further order of this Court.

New Orleans, Louisiana this ___1___ day of ~~June~~ July 2009

_____
                                              **JUDGE**

**PLEASE SERVE PETITION AND ORDER UPON:**

Wessam, LLC
3233 Loyola Avenue
New Orleans, Louisiana 70115

Marwan Hamed
c/o Wessam, LLC
3233 Loyola Avenue
New Orleans, Louisiana 70115

JUL 1 6 2009
ENTERED ON MINUTES

JUL 0 6 2009
ENTERED ON MINUTES

6

FILED

2009 JUL 21 P 2:53

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA    CIVIL
DISTRICT COURT

NO. *09-6664*                                            DIVISION J

IN RE: WESSAM, LLC

FILED: _____        _____
                                          DEPUTY CLERK

## ORDER RESETTING FOR HEARING

IT IS ORDERED that defendants Wessam, LLC and Marwan Hamed show cause
on the *29th* day of *July*, 2009 at 10:00 A.M. why a temporary receiver should not
be appointed to manage the affairs of Wessam, LLC, and further why a preliminary
injunction should not be issued enjoining the sale of Wessam, LLC or any assets thereof
pending further order of this Court.

New Orleans, Louisiana this ____*23*____ day of July, 2009

JUDGE

**PLEASE SERVE ORDER RESETTING HEARING UPON:**

Wessam, LLC
3233 Loyola Avenue
New Orleans, Louisiana 70115

Marwan Hamed
c/o Wessam, LLC
3233 Loyola Avenue
New Orleans, Louisiana 70115

A TRUE COPY

BRK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

JUL 2 4 2009

ENTERED ON MINUTES

VERIFIED

CM 7/24/09