```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


AXIS SURPLUS INSURANCE COMPANY            CIVIL ACTION


VERSUS                                    NO: 10-2110


THIRD MILLENNIUM INSURANCE AND            SECTION: R(2)
FINANCIAL SERVICES, INC., AS
RECEIVER FOR WESSAM, LLC D/B/A/
LOYOLA FOOD STORE, MARWAN HAMED,
& MUTAZ HUSSEIN
```

## ORDER AND REASONS

Before the Court is plaintiff AXIS Surplus Insurance Company's motion for judgment on the pleadings.[1]  Defendants Marwan Hamed and Mutaz Hussein, as members of the LLC that is the named insured under the Axis insurance policy at issue, do not have the right to bring suit to enforce that policy.  Therefore, the Court GRANTS Axis's motion and DISMISSES Hamed's counterclaim.

## I.  Background

This case arises out of a dispute over the insurance coverage for a fire loss.  The undisputed facts are as follows. Defendants Marwan Hamed and Mutaz Hussein operated the Loyola Food Store located at 3233 Loyola Avenue in New Orleans.  Hamed

---

    [1]    R. Doc. 17.

and Hussein were members, officers, and employees of Wessam, LLC, which did business as Loyola Food Store.[2]  Axis provided commercial property insurance for the property, with "Loyola Food Store" as the named insured.[3]  Following a dispute between Hamed and Hussein over the ownership and control of the business, Hussein filed a "Verified Petition for Dissolution, Accounting, Appointment of Receiver and Injunctive Relief" in the Civil District Court in Orleans Parish on June 26, 2009.[4]  In that petition, Hussein prayed that Wessam, LLC be dissolved and that a receiver be appointed to manage its affairs.  Then, on December 1, 2009, the Loyola Food Store burned down.  On January 22, 2010, the Civil District Court entered a judgment appointing Third Millennium Insurance and Financial Services, Inc. as receiver of Wessam, LLC.[5]  The Civil District Court authorized Third Millennium to "perform the daily operations of the company and to preserve the assets of the company for the best interest of all parties and creditors of the company."[6]  It further ordered that

---

[2]   R. Doc. 1, ¶9-10; R. Doc. 13, ¶9-10; R. Doc. 14, ¶9-10.

[3]   R. Doc. 1, Ex. A.

[4]   R. Doc. 1, Ex. B (*In re: Wessam, LLC*, CDC Docket No. 2009-6664).

[5]   R. Doc. 1, Ex. E.

[6]   *Id.*

the appointment shall continue until terminated by the court. Trial in the dissolution proceeding is scheduled for February 23, 2011.[7]

On July 28, 2010, Axis filed a Complaint for Declaratory Judgment in this Court against defendants Third Millennium, Hamed, and Hussein.[8] Axis seeks a declaration that no insurance coverage exists for the fire loss that occurred at 3233 Loyola Avenue. Specifically, Axis alleges that Hamed and/or Hussein were responsible for the fire and that the Axis insurance policy therefore does not cover the loss. Third Millennium did not file a responsive pleading, and on September 13, 2010, this Court issued a final judgment of default against Third Millennium.[9] The default judgment states that Axis provides no insurance coverage or indemnity to Third Millennium as receiver for Wessam, LLC d/b/a Loyola Food Store for the fire loss at 3233 Loyola Avenue. On August 26, 2010, Hamed filed a counterclaim seeking the full value of the Axis insurance policy as well as exemplary and punitive damages.[10] Axis then filed the instant motion for

---

[7]  R. Doc. 24, Ex. A.

[8]  R. Doc. 1.

[9]  R. Doc. 16.

[10] R. Doc. 13.

judgment on the pleadings, arguing that neither Hamed nor Hussein has standing to exercise or enforce any rights possessed by Wessam, LLC under the insurance policy.[11]

**II. Standard**

Plaintiff has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Communications Intern. Corp. v. Southwestern Bell Telephone Co.*, 313 F.3d 899, 904 (5th Cir. 2002). As it does when deciding a motion to dismiss under Rule 12(b)(6), the Court must consider the facts in a light most favorable to the non-moving party and will accept as true the plausible factual allegations in the non-moving party's pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see generally* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.). In deciding this motion, the Court must look only to the pleadings, *Brittan Communications*, 313 F.3d at 904, which includes exhibits attached to the pleadings, *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

---

[11]   R. Doc. 17.

**III. Discussion**

Axis contends that only Third Millennium, as receiver for Wessam, LLC, has any rights under the Axis policy insuring the property located at 3233 Loyola Avenue. Axis seeks a declaration that Hamed and Hussein have no right of action under that insurance policy. Axis also argues that Hamed's counterclaim – which he attempts to bring in his own name and in the name of Wessam, LLC – should be dismissed for the same reason.

Under Louisiana law, only a named insured, additional insured, or third-party beneficiary may bring suit under an insurance policy. *Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997, at *2 (E.D. La. 2008). To determine if Hamed and Hussein may bring suit under the Axis policy, the Court must examine the policy itself. *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 857 (E.D. La. 2007). An insurance policy, like any contract, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. *Id.* If an ambiguity exists, the ambiguity must be construed in favor of the party seeking coverage. *Id.* The Court will now consider whether Hamed

and Hussein are named insureds, additional insureds, or third-party beneficiaries under the Axis policy.[12]

A.   *Named or Additional Insured*

Hamed and Hussein are not named or additional insured parties under the Axis policy. The policy clearly states that the named insured is "Loyola Food Store," and it does not provide for any additional insured parties.[13] It is undisputed that Wessam, LLC did business as "Loyola Food Store."[14] Wessam is a distinct legal entity from its owners, Hamed and Hussein. *See Northeast Realty, L.L.C. v. Misty Bayou, L.L.C.*, 920 So.2d 938, 940 (La. App. 2 Cir. 2006) (an LLC "is a separate legal entity distinct from its member owners"); *cf. Haddad v. Elkhateeb*, 46 So. 3d 244, 250 (La. App. 4 Cir. 2010) (insurance proceeds were properly paid to a sole proprietor when the named insured was a fictitious business name that was not distinct from the sole proprietor). Although Hamed and Hussein are both members of

---

[12]   Hamed and Hussein contend that they have standing by virtue of meeting the three-prong test outlined in *Lujan v. Defenders of Wildlife*. 504 U.S. 555 (1992). *Lujan* outlines the standing requirement under Article III, but it does not address the ability to bring suit to enforce a contract under Louisiana law, which is the crucial issue in this case.

[13]   R. Doc. 1, Ex. A.

[14]   R. Doc. 1, ¶9-10; R. Doc. 13, ¶9-10; R. Doc. 14, ¶9-10.

Wessam, proceedings must be brought by or against the LLC itself. *See* La. R.S. 12:1320(c) ("A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.").

Third Millennium was appointed receiver of Wessam by the Civil District Court of Orleans Parish, and there is no indication in the record that this receivership has been terminated. A receivership, in essence, is "a court mandated change in corporate management." *Wheelahan v. Ungar & Wheelahan, P.L.C.*, 657 So.2d 789, 791 (La. App. 4 Cir. 1995). As receiver for Wessam, Third Millennium has the powers of a judicial liquidator. La. R.S. 12:152(B). Included in these powers is the "full authority" to retain counsel, to prosecute and defend actions, and to settle claims by or against the corporation, subject to the supervision of the state court. La. R.S. 12:146(C). These powers are discretionary in nature. *See Delano Plantation v. Lowrey*, 10 So.3d 260, 262-63 (La. App. 3 Cir. 2009) (receiver's duty to pursue and settle litigation is discretionary); *Wheelahan*, 657 So.2d at 791 ("R.S. 12:146(C) gives the receiver the right to settle claims but does not mandate that the receiver do so."). A receiver appointed for a

limited liability company is the proper plaintiff to sue to enforce a right of the company, La. Code Civ. Proc. art. 692, and it is also the proper defendant in an action to enforce an obligation of the company, La. Code Civ. Proc. art. 740.  *See also Texas Mut. Ins. Co. v. Stutes*, 77 So.2d 43, 46 (La. App. 1 Cir. 1954) (reversing judgment when receiver was not a party to the suit, because receiver must act for the corporation). Articles 692 and 740 also specify that a receiver may sue or be sued without the need to obtain permission from the court that appointed the receiver.

As receiver, Third Millennium is the proper party to enforce any rights that Wessam may have under the Axis policy as the named insured, and it is the proper defendant in a declaratory judgment action against Wessam under that policy.  Hamed and Hussein are not named or additional insured parties under the Axis policy, and they cannot bring suit to enforce the policy on that basis.

B.   *Third-Party Beneficiary*

Hamed and Hussein argue that they have rights as the beneficiaries of the Axis policy, even if they are not named in the policy.  Although a third-party beneficiary may bring suit

8

under an insurance policy, Hamed and Hussein do not qualify for this status under the Axis policy.

Article 1978 of the Civil Code states: "A contracting party may stipulate a benefit for a third person called a third party beneficiary." Under Louisiana law, a contract for the benefit of a third party is commonly referred to as a stipulation *pour autrui*. *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (La. 2006). In *Joseph*, the Supreme Court of Louisiana held that there are three criteria for determining whether contracting parties have created a stipulation *pour autrui*: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.* at 1212. Additionally, "[a] stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof." *Id.* (citing La. Civ. Code art. 1831).

In this case, the Axis policy does not specify any benefit to Hamed and Hussein. Rather, the beneficiary under the policy is "Loyola Food Store," which is the trade name of Wessam, LLC. The policy, therefore, does not contain a manifestly clear stipulation for the benefit of Hamed and Hussein. *See Edwards v. Southwest Business Corp.*, No. 06-9881, 2008 WL 4372893, at *2

(E.D. La. Sept. 22, 2008) (insurance policy did not manifest an intent to benefit plaintiff); *Graphia v. Balboa Ins. Co.*, 517 F.Supp.2d 854, 858 (E.D. La. 2007) (same).  The policy does state at one point that the "named insured and mailing address" is "Loyola Food Store, c/o Mawand, 3233 Loyola Avenue, New Orleans LA 70115."[15]  Presumably, "Mawand" refers to Marwan Hamed. Although the policy does mention Hamed, "the mere reference to a third party does not create a stipulation *pour auturi*."  *Jones v. Proctor Financial Ins. Corp.*, No. 06-9503, 2007 WL 4206863, at *3 (E.D. La. Nov. 21, 2007) (citing *Joseph*, 939 So.2d at 1212). Further, "if the contract must be in writing . . . then the stipulation *pour autrui* must also be in writing."  *Joseph*, 939 So.2d at 1215, n. 13 (citations omitted).  Because a contract "in conflict with, modifying, or extending the coverage of any contract of insurance" must be in writing, La. R.S. § 22:867(A), a stipulation *pour autrui* in an insurance contract "would have to be in writing to be effective."  *LaSalle Parish School Bd. v. Allianz Global Risks U.S. Ins. Co.*, No. 07-0399, 2008 WL 1859847, at *8 (W.D. La. Apr. 24, 2008).  No such written stipulation for the benefit of Hamed and Hussein appears in the Axis policy.

---

[15]   R. Doc. 1, Ex. A, at 16.

Hamed and Hussein are members, officers, and employees of Wessam, but a person is not a third-party beneficiary of a contract just because he or she has an ownership interest in a company that is a party to the contract.  In *Joseph*, for example, St. Mary Anesthesia Associates, Inc. (SMAA) entered into a contract with a hospital to provide anesthesia services to the hospital's patients.  939 So.2d at 1208.  After the hospital terminated the contract, the doctors who worked for SMAA brought suit against the hospital.  The court found that SMAA was a separate juridical entity from the doctors and that the doctors were not third-party beneficiaries of the contract.  The court concluded that "[t]he breach of contract claim is a claim to be asserted by the corporation, not the employees, officers or shareholders of the corporation." *Id.* at 1215; *see also Conerly Corp. v. Regions Bank*, No. 08-813, 2008 WL 4975080, at *5 (E.D. La. Nov. 20, 2008) ("In Louisiana, shareholders and officers of a corporation do not have a personal right to recover for acts causing damage to the corporation."); *Scaffidi and Chetta Entertainment v. University of New Orleans Foundation*, 898 So.2d 491, 496 (La. App. 5 Cir. 2005) (shareholders were not third-party beneficiaries of contract providing that certain fees would be paid to the corporation).

11

Hamed and Hussein have no right to bring a claim under the Axis policy, even though they own an interest in Wessam. The assets of Wessam may ultimately be distributed to Hamed and Hussein under R.S. 12:1337, and as Hamed and Hussein argue, they may have continuing interests in any undistributed assets under R.S. 12:1340 if the LLC is dissolved. Nonetheless, at present, Wessam has not been dissolved. Wessam is a separate legal entity from its owners, and it is the beneficiary of the Axis policy. As the court-appointed receiver for Wessam, Third Millennium is the proper plaintiff in a suit to enforce Wessam's interest in the Axis insurance policy. Hamed and Hussein are not the proper plaintiffs to enforce that interest.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Axis's motion for judgment on the pleadings and DISMISSES Hamed's counterclaim. Judgment will be entered dismissing Hamed's counterclaim and declaring that Hamed and Hussein do not have the right to bring suit to enforce the Axis insurance policy at issue.

New Orleans, Louisiana, this __14th__ day of February, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE